CITY OF BALTIMORE et al. *v.* COHN et al.

[No. 149, October Term, 1953.]

*Decided May 24, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Francis J. Valle,* Assistant City Solicitor of Baltimore, with whom was *Thomas N. Biddison,* City Solicitor, on the brief, for the appellants, Mayor and City Council of Baltimore and Paul A. Cohen, Building Inspection Engineer.

*Carl H. Lehmann, Jr.,* with whom was *Joseph V. Reina,* on the brief, for the appellants, Clarence Cavanaugh, Carolyn Cavanaugh, Wade H. Poole and Naomi E. Poole.

*Southey F. Miles,* with whom were *Louis Silberstein* and *Moses Cohen,* on the brief, for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This proceeding was brought in the Baltimore City Court by Benjamin R. Cohn and wife and Julius S. Peck and wife, owners of an eight-acre tract of land in the southwest section of Baltimore, and Truck Terminal, Inc., conditional purchaser of the tract, against the Mayor and City Council of Baltimore and Paul A. Cohen, Building Inspection Engineer, to review the action of the Board of Municipal and Zoning Appeals in refusing to grant a permit to erect two truck terminal buildings on the tract and to use the property as a truck terminal center.

The tract is located on the southeast side of the 2300 block of Washington Boulevard. It is irregular in shape; but, generally speaking, it is bounded on the northwest by Washington Boulevard, on the northeast by a line of the Western Maryland Railroad, on the southeast by an abandoned right of way of the railroad, and on the southwest by properties which face on Breitwert Avenue. A small portion of the tract along its northwest boundary line lies in a First Commercial Use District, while another portion along that line is in an Industrial Use District. All the rest of the tract, adjacent to the rear lines of the properties fronting on Breitwert Avenue, comprising about two-thirds of its entire area, is in a Residential Use District.

When the zone lines in the City of Baltimore were established by the original Zoning Ordinance, approved March 30, 1931, a portion of this tract along its southeast boundary line was placed in an Industrial Zone. After the lapse of twenty years, it was discovered that the zone line between the Industrial Zone and the Residential Zone continued southwestwardly across Breitwert Avenue into a new residential development, putting a number of residences in an Industrial Zone. To rectify that situation, the Mayor and City Council passed an

ordinance, approved March 29, 1951, changing the Zone line.

In January, 1953, an ordinance was introduced in the City Council, at the request of the owners of this tract, to change its classification entirely from Residential Use to Industrial Use. In February, 1953, the Baltimore City Planning Commission urged the City Council to adopt the ordinance with amendments. The Planning Commission made the following recommendation:

"The property is so situated that it does not lend itself readily for residential development because of the terrain and the existing commercial zone on Washington Boulevard and the industrial encroachments along the Western Maryland Railroad. The property along and near the railroad is highly desirable for industrial development, and the district line could be extended slightly to make the area more uniform. It is proposed that a street be opened and extended through the property, which would be a natural buffer for a lighter commercialzation of the property to the west thereof. The property lying west of the proposed 60-foot street could then be developed commercially under a higher classification than the zone along the railroad. The Commission feels that a change in use would be reasonable for this particular property and location in accordance with the Planning Commission's recommendation, and suggests that the ordinance be so amended."

No such ordinance, however, was passed. Consequently, as the zone lines are now established, one of the proposed buildings would be partly in a Residential Use District and partly in an Industrial Use District, while the other would be entirely in a Residential Use District. The Zoning Ordinance of Baltimore City provides that in a Residential Use District no building shall be constructed which is designed to be used for storage

or sale of motor vehicles. Baltimore City Code, 1950 Ed., art. 40, par. 8.

Nevertheless, the owners of the tract made an application to the Building Inspection Engineer on April 14, 1953, for a permit to erect two truck terminal buildings at an estimated cost of $45,000. That official disapproved the application because he had no discretionary power to permit an industrial use on any portion of the tract that is zoned residential.

The owners thereupon appealed to the Board of Municipal and Zoning Appeals, alleging that the zone lines are arbitrary and unreasonable, and that the Board should make a special exception as allowed by the Zoning Ordinance. The Board, after a hearing on April 28, 1953, sustained the action of the Building Inspection Engineer, holding that the truck terminal buildings would adversely affect neighboring properties and interfere with the comfort of residents in nearby dwellings.

From the action of the Board the owners and Truck Terminal, Inc., appealed to the Baltimore City Court. They alleged that the zone lines for this tract are arbitrary, unreasonable and invalid, because they deprive the owners of its most suitable use.

Clarence Cavanaugh and wife and Wade H. Poole and wife, who reside on Breitwert Avenue, intervened in the case as parties defendant. The City, the Building Inspection Engineer, and the intervening defendants answered: (1) that the zone lines as established for the tract are reasonable and valid and do not unlawfully deprive the owners of a suitable use for it, and (2) that the owners failed to produce any evidence to warrant the Board in granting a variance.

The case was submitted to Judge Moser on the record. After reading the record and inspecting the tract and the surrounding locality, the judge entered an order reversing the decision of the Board and directing the Building Inspection Engineer to issue the permit. The City, the Building Inspection Engineer, and the intervening defendants appealed here from that order.

At the outset the technical argument was made that the present owners of the tract do not intend to build thereon, and that Truck Terminal, Inc., has not yet acquired the legal title to the tract, and therefore no party has any right to obtain a permit. Apparently the owners sold the tract to the corporation under a conditional contract of sale, by which the corporation is required to fulfill the contract only in the event that the City will issue a permit for the construction of the terminal buildings. If the present owners are entitled by law to a permit to use the tract for industrial purposes, there is no reason why the Board of Municipal and Zoning Appeals should not grant the permit to them for the use of the corporation as the conditional purchaser of the tract.

As we stated in *Anne Arundel County Com'rs v. Ward,* 186 Md. 330, 46 A. 2d 684, 165 A. L. R. 816, there is no fundamental objection to zoning laws and ordinances so long as they are reasonable in their scope and operation and apply without unnecessary discrimination. Within these limits, they are a justifiable exercise of the police power and are not objectionable on the ground of interference with vested rights or the taking of property without due process of law. Subject to the general limitations governing exercise of the police power that it shall not be exercised in such a way as to limit unreasonably the rights guaranteed by the Federal and State Constitutions and shall not unreasonably invade private rights, the constitutionality of zoning laws and ordinances, where authorized by the State Constitution or by statute, has been upheld. *Baddour v. Long Beach,* 279 N. Y. 167, 794, 18 N. E. 2d 18, 19 N. E. 2d 90, 124 A. L. R. 1003, appeal dismissed, 308 U. S. 503, 60 S. Ct. 77, 84 L. Ed. 431; *Burlington v. Dunn,* 318 Mass. 216, 61 N. E. 2d 243, 168 A. L. R. 1181, certiorari denied, 326 U. S. 739, 66 S. Ct. 51, 90 L. Ed. 441; *Village of Euclid, Ohio, v. Ambler Realty Co.,* 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016.

However, the governmental power to interfere by zoning regulations with the general rights of the landowner by restricting the character of the use of his land is not unlimited, and such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare. Legislative bodies have no authority, under the guise of the police power, to impose unreasonable and unnecessary restrictions on the use of private property in pursuit of useful activities. *Nectow v. City of Cambridge*, 277 U. S. 183, 48 S. C. 447, 72 L. Ed. 842; *State of Washington ex rel. Seattle Title Trust Co. v. Roberge*, 278 U. S. 116, 49 S. Ct. 50, 73 L. Ed. 210, 86 A. L. R. 654. It is recognized that although a zoning ordinance is not invalid *per se*, yet when the provisions of such an ordinance come to be applied to particular premises, it may be found to be clearly arbitrary and unreasonable. A particular provision or application of a zoning ordinance may be held invalid where it restricts property to uses for which the property is not adapted. A zoning restriction may be regarded as arbitrary and unreasonable as to a property owner who is unable to use his property for any of the permitted purposes and is therefore deprived of all beneficial use thereof.

Thus we reaffirm the doctrine that a zoning ordinance which permanently so restricts the use of property that it cannot be used for any reasonable purpose goes beyond permissible regulation, and must be regarded as a taking of property without compensation. *Northwest Merchants Terminal, Inc. v. O'Rourke*, 191 Md. 171, 60 A. 2d 743; *Hoffman v. Mayor and City Council of Baltimore*, 197 Md. 294, 79 A. 2d 367; *Arverne Bay Construction Co. v. Thatcher*, 278 N. Y. 222, 15 N. E. 2d 587, 117 A. L. R. 1110. To sustain an attack upon the validity of the ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions upon his property preclude its use for any purpose to which it is reasonably adapted, either because the ordinance does not authorize a variation of

the general rule which would admit of such use, or because such variation has been refused by an administrative board in the exercise of a discretion which the ordinance confers upon it

The evidence in this case supports the conclusion that it has never been possible to use the tract in controversy for residential development, but it is adaptable only for commercial or industrial purposes. On the adjacent lot, known as 2337-2339 Washington Boulevard, there are billboards and a fruit stand. On the opposite side of Washington Boulevard is a tourist camp. A short distance away is a junk yard for automobiles. Immediately beyond the Western Maryland Railroad, at the intersection of Washington Boulevard and Annapolis Avenue, is a gasoline filling station. The record shows that the land which has been zoned as residential is 14 feet below the grade level of Breitwert Avenue, is some times covered with stagnant water, is overgrown with bushes and weeds, and is a dumping ground for rubbish. According to the records of the Fire Department, during the period of three years there were nine brush fires on this property.

We recognize that the fact that certain property in a residential area is in close proximity to property in an industrial area does not necessarily render the zoning line invalid, for if there is to be zoning at all the dividing line must be somewhere, with the result that certain desirable neighborhoods oftentimes adjoin neighborhoods less desirable. In any event, it is appropriate to mention here that a number of persons residing near the tract in controversy urged the Board to issue the permit, believing that it would be a great improvement to have the new terminal buildings instead of stagnant water, weeds and garbage. Among those who urged the issuance of the permit were John Faraino, who for many years has had charge of the fruit stand at 2337-2339 Washington Boulevard, and Paul Maniates, who formerly resided at 2234 Washington Boulevard and now resides at 2006 Annapolis Avenue.

Wade H. Poole, who resides at 2003 Breitwert Avenue, was the only protestant who testified before the Board. He thought that, since many new houses had been built nearby, this tract could also be used for residential development. But the great preponderance of the evidence was to the contrary. Real estate brokers, with long experience in real estate development, testified that the tract is not adaptable for residential development.

Milton Schwaber, president of Truck Terminal, Inc., who has been developing residential, commercial and industrial properties in Baltimore for 35 years, testified that, after the City Council failed to pass an ordinance to rezone the tract, he made an investigation to see if any builders would be interested in constructing row houses on the tract. "I checked into it personally," he declared, "and found that if you would attempt to build houses in there, you would never be able to get it approved for financing, and a man would not be of sound mind if he attempted to build houses on this property."

Parker W. Frames, a member of the Mayor's Advisory Committee on Zoning, Samuel G. Gorn and Albert Miller, all of whom have been engaged in real estate development for many years, testified that no developer of residential property would build on this tract, and its most appropriate use is industrial or second commercial.

Alan L. Greenblatt, whose real estate firm has been developing residential, commercial and industrial properties for many years, also expressed the opinion that there is no possibility of developing this tract for residential use. He produced a letter from a mortgage dealer stating that it would be impossible to finance a residential development on this tract, and neither the Federal Housing Administration nor the United States Veterans Administration would approve this location as an area in which the Government would insure loans. He also produced a letter from an agent for a number of insurance companies and banks stating that no insurance company or bank would make a loan on a residential development on this tract.

Our conclusion, therefore, is that the evidence supports the claim that the zoning of the tract is arbitrary and unreasonable. In 1931 the zoning authorities recognized that a portion of the tract should be zoned for commercial and industrial uses. After the lapse of 23 years it has become plain that the portion of the tract which was zoned residential is likewise not adaptable for residential use. As no bank, insurance company, loan company, or government agency would be willing to finance a residential development of the tract, the land has remained undeveloped since the original Zoning Ordinance was adopted.

As the refusal of the Board to issue a permit to the applicants deprives them of use of their property without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States, we will affirm the order of the Court below reversing the action of the Board and directing the Building Inspection Engineer to issue the permit.

*Order affirmed, with costs.*