## ENGLAND et ux. *v.* MAYOR AND COUNCIL OF ROCKVILLE

[No. 64, September Term, 1962.]

44

*Decided November 9, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

*James R. Miller, Jr.,* for appellants.

*William A. Linthicum, Jr.,* for appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellants filed a bill of complaint against the Mayor

and Council of Rockville, alleging that the denial of their zoning application deprived them of any reasonable use of their property and hence was arbitrary and confiscatory. It is conceded that the issue was properly presented by a bill in equity for declaratory decree. *Richmark Realty Co. Inc., v. Whittlif* 226 Md. 273, 280, and cases cited. Apparently, the Rockville ordinance did not provide any remedy by way of appeal, so that a contention based on the necessity of resorting to a statutory remedy could not be raised in the instant case. As to the right to proceed in equity where no appeal is provided, see *Congressional School of Aeronautics, Inc. v. State Roads Commission*, 218 Md. 236, 243. It is also conceded that if the appellants can meet the heavy burden placed upon them to prove by clear and convincing evidence that they are deprived of all reasonable use of the property by the existing classification they are entitled to prevail. See *Frankel v. Mayor & City Council of Baltimore*, 223 Md. 97, 103, and cases cited.

The property in question, two vacant lots, is located on Stonestreet Avenue in a section that has been zoned residential since 1949, when it was incorporated into the City. The application seeks reclassification to Light Industrial, a classification recommended for the area by the Planning Commission in 1957, and again in 1960. In the latest report, it stated that "there is no other logical use than that for industrial purposes". Directly across the street is a large tract used since 1959 by the Montgomery County Board of Education for warehousing, open storage of materials, school buses and trucks, and machine shops. Stonestreet Avenue has recently become a heavily travelled industrial road, and the whole area, with the exception of two well-kept dwellings, is undeveloped, substandard, or industrial. Adjacent to the property in question is a substandard and dilapidated dwelling described as a "shack". On the three lots to the north there are dilapidated buildings, at least one of which is boarded up and vacant. Nearby is the main line of the Baltimore and Ohio Railroad, paralleling Stonestreet Avenue. There are numerous other industrial uses in the next block, in addition to that upon the Board of Education property across the street.

The appellants produced an expert witness who testified that

it would not be economically feasible to develop the subject property for residential use, that in fact it would be "utter folly", and in his opinion financing could not be obtained for residential construction. There was no testimony to the contrary. The appellee points to an alleged admission by one of the appellants, that residential dwellings could be built on the two lots for rental purposes. However, his statement "I suppose you could", was qualified by the explanation that, based on his experience with renting other houses in the neighborhood, "you [would] hardly get enough out of it for the taxes". The only other testimony came from protestants who simply maintained before the Council that to approve the reclassification would be "spot zoning".

We think the appellants proved their case. The Chancellor stated in his opinion that "from a view of the property it is apparent that eventually all of the land in the vicinity, and including the subject property, should be zoned for industrial and/or commercial purposes". He thought, however, that it would be "spot zoning", and unfair to the property owners who reside in the block, to reclassify the two lots for industrial use. He stated that the proposed change "would be of no benefit" to surrounding property owners. We think the chancellor misapplied the applicable principles of law to the facts of this case.

"Spot zoning" is a descriptive term, and may be valid or invalid, dependent upon the facts of the particular case. *Hedin v. Board of County Commissioners of Prince George's County,* 209 Md. 224, 232; *Hewitt v. County Commissioners of Baltimore County,* 220 Md. 48, 57. Usually it has been invoked against piecemeal exceptions to a comprehensive plan. But it has been said that where "the ordinance is confiscatory in its application, it is not spot zoning to reclassify the property for a use to which it may be adapted". 1 Rathkopf *Law of Zoning and Planning,* (3d ed.) p. 26-18. See also *Offutt v. Board of Zoning Appeals,* 204 Md. 551, 561. Here, as in the *Offutt* case, a number of circumstances justify a change of classification. There was clear evidence of original mistake or change of condition, in addition to the evidence of practical inability to improve the lots for residential use, and that the granting of the application would conform the use to the recommended future

use of the whole area, as set out in the proposed comprehensive plan. Cf. *West Ridge, Inc. v. McNamara,* 222 Md. 448, 454 *et seq.* Moreover, there was already an industrial use of the large tract across the street, and other industrial uses in the neighborhood. There was not sufficient evidence to the contrary to make the issue fairly debatable. Under the circumstances, benefit to the neighboring residents is not a proper test. Restrictions imposed under the police power must be related to the general welfare and cannot be supported on the basis of benefit to surrounding property. See *Hoffman v. City of Baltimore,* 197 Md. 294, 301, and cases cited. For all of the reasons stated, we think the decree must be reversed.

> *Decree reversed and case remanded for the passage of a decree consistent with the views here expressed, costs to be paid by the appellee.*