## MAYOR AND CITY COUNCIL OF BALTIMORE v. SAPERO ET AL.

[No. 81, September Term, 1962.]

*Decided December 20, 1962.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*John A. Dewicki, Assistant City Solicitor,* with whom were *Francis B. Burch, City Solicitor,* and *George W. Baker, Jr., Deputy City Solicitor,* on the brief, for appellant.

*Albert A. Sapero* and *Julius G. Maurer,* for appellees.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from an order of the Baltimore City Court (Foster, J.) reversing the decision of the Board of Municipal and Zoning Appeals, and permitting the construction of a two-story store and office building in a residential area, E-40 Height and Area District.

The lot in question is located at the junction of Fallstaff Road, which runs east and west, and Reisterstown Road, which runs northwest to southeast, at an approximate 45 degree angle. The lot fronts on the north side of Fallstaff, being the last lot on that street, at the intersection. It is irregular in shape, being 241.42 feet in frontage, 192.49 feet on one side, 145.81 feet on the other, diminishing in the rear to 105 feet, bordering on a 15 foot paved alley. Twelve feet of the frontage abuts on Reisterstown Road, since the north side of the intersection is an arc of a curve.

Originally, this lot formed part of a large acreage which has been almost completely improved as' residential property. In 1931, this acreage and the property on both sides of Reisterstown Road were zoned commercial. In 1947, appellees were desirous of developing the land for residential purposes. Since the Federal Housing Administration would not grant them financial aid due to the commercial zoning, they were instrumental in getting the classification changed to a residential use district. This change included the lot in question except for the twelve feet of frontage that abutted on Reisterstown Road. In the process of developing the acreage, the appellees planned, paved and transferred to the City the street now known as Fallstaff Road, which was not cut through to Reisterstown Road until that time. The lot in question was created in its irregular shape, as well as another lot on the southeastern side of the intersection, by the juncture of the two streets.

It is conceded by all parties that the area along Reisterstown Road has become overwhelmingly commercial, with the construction of large shopping centers in close proximity to the lot in question.

Feeling that this particular lot could not be used for residential purposes, on November 2, 1960, appellees filed an application with the building engineer of Baltimore City for a permit to erect a two-story, masonry office and store building. This application was denied and an appeal was noted to the Board of Municipal and Zoning Appeals, asking for a special exception or variance so as to allow them to erect this commercial building in a residential use area. The Board held two hearings, on December 20, 1960, and May 23, 1961. It denied the application and appellees appealed to the Baltimore City Court. In an oral opinion rendered March 28, 1962, Judge Foster reversed the Board and granted appellees a variance or special exception, basing his decision primarily on the fact that this case was quite similar to that of *Frankel v. City of Baltimore,* 223 Md. 97, 162 A. 2d 447.

On this appeal, appellant raises two questions: I, was the decision of the Board, as a fact-finding body, in not granting a variance on the ground of practical difficulties or unnecessary

hardship, under §§ 36 (b) or 36 (c) of the Zoning Ordinance No. 711 of Baltimore City, supported by substantial evidence; and II, arguendo, assuming that there was substantial evidence of practical difficulty or unnecessary hardship to support the granting of the application, were the applicants entitled to the variance from the zoning restrictions when the situation from which the relief was asked was the result of their own action?

At the outset it is necessary to state that in Maryland, although there is a marked distinction between the terms "variance" and "exception," for practical purposes, in Baltimore City the terms are used interchangeably, without differentiation. *Marino v. City of Baltimore,* 215 Md. 206, 216, 137 A. 2d 198.

I

Under Zoning Ordinance No. 711, § 36 (b), the Board of Municipal and Zoning Appeals is authorized to:

> "grant a permit where the use or change of use of land, buildings or structures proposed to be used is limited as to its location because of the size of buildings, size of yards, irregularity of shape of land or buildings, topography, grade or accessibility."

Section 36 (c) provides that the Board is authorized to:
> "grant a permit when there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any of the provisions of this Article."

Section 35 (g) 3 gives the Board the power to:
> "authorize upon appeal in specific cases such variance from the terms of this Article as is necessary to avoid arbitrariness and so that the spirit of the Ordinance shall be observed and substantial justice done."

In determining whether these sections of Ordinance No. 711 were correctly applied, we must consider whether there was substantial evidence to justify the decision of the Board, for if there was not, Judge Foster's decision must be sustained. The substantial evidence test, as set out in *Snowden v. Mayor & C. C. of Balto.,* 224 Md. 443, 168 A. 2d 390, means whether on the rec-

ord the agency could reasonably make the finding. This is the extent of the reviewing court's inquiry. Judge Foster, in his opinion below, stated that "it is not conceivable to me that this property could be used for anything but a commercial site. I think it is utterly lost for residential use." It is evident that he did not find either the Board's decision reasonable or that there was even a debatable question involved. After a careful study of the record, we must agree. There is no question as to the irregularity of the lot's shape, which makes it impractical for use as a site for a residential building. It was conceded that the area is developed commercially along Reisterstown Road in both directions, including many service stations, one of which is located adjacent to the property in question. The only exception to this commercial development is a group of row houses, southeast from the lot involved, on Reisterstown Road. The area across from the lot is developed by shopping centers and a service station. Appellant's only testimony was that of Mr. Henry Miller, attorney for the protestants, and he presented no evidence to dispute the overwhelming commercialization of the area. A court will not substitute its judgment as to the wisdom or soundness of the action taken by the legislative or administrative body, but decides only whether that action is illegal, arbitrary, or discriminatory. If the question decided is fairly debatable, the decision must be upheld, and, only where there is no room for reasonable debate, or where the record is devoid of supporting facts, will the court declare legislative or administrative action invalid. *Offut v. Bd. of Zoning Appeals,* 204 Md. 551, 562, 105 A. 2d 219. We feel that the evidence showed no debatable facts and that the Board's action was arbitrary, unreasonable and capricious.

We agree with the trial judge that this case falls within the reasoning of *Frankel v. City of Baltimore, supra.* In that case, as in this one, the lot in question was surrounded by commercial, institutional and office uses. In that case, in finding that the applicant for a variance had met the burden of proof showing that the hardship complained of affected his particular premises and was not generally common to other property in the neighborhood, Judge Prescott said:

"But here, too, he met the burden: the irregularity of the shape of his lot, the fact that it was located on a corner of an arterial highway and another street, that it is bounded on two sides entirely by * * * [commercial] and semi-public institutions, * * * and other factors mentioned in the statement of facts manifest that the particular premises were peculiarly affected by difficulties and hardships that did not prevail generally with respect to the use of other property in the area."

223 Md. at page 104. We find on the basis of *Frankel* that the appellees have met the burden placed upon the property owner and proved by clear and convincing evidence that they would be deprived of all reasonable use of their property, if the provisions of the present ordinance, as they relate to the use of the property, are applicable to it. *England v. Mayor & Council of Rockville,* 230 Md. 43, 185 A. 2d 378.

II

Appellent argued that since the appellees were responsible for getting the original commercial zoning changed to residential in 1947, they were not entitled to a variance or special exception because the situation from which they ask relief is the result of their own action. This Court has held that when a person purchases property with the intention of applying for a variance from the restrictions imposed by ordinance, he can not contend that such restrictions cause him such a peculiar hardship that entitles him to the special privileges which he seeks. *Gleason v. Keswick Impvt. Ass'n,* 197 Md. 46, 78 A. 2d 164, citing Rathkopf, *Law of Zoning and Planning,* p. 262. We think, however, that the peculiar position of the lot in question was not brought about by the rezoning, but was due to the location by the City of Fallstaff Road across the arc of a curve, which left only 12 feet of the frontage in the commercial zone. Hence the rule contended for is inapplicable.

*Order affirmed, with costs.*