POE ET UX. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 150, September Term, 1965.]

*Decided February 4, 1966.*

The cause was argued before PRESCOTT, C. J., and HAM-
MOND, MARBURY, OPPENHEIMER and McWILLIAMS, JJ.

*Joseph S. Kaufman,* with whom were *Harry D. Kaufman* and
*Melnicove, Asch, Greenberg & Kaufman* on the brief, for the
appellants.

*S. Leonard Rottman, Assistant City Solicitor of Baltimore,*
with whom was *Joseph Allen, City Solicitor,* on the brief, for
the appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

This zoning appeal turns on the right of owners of property
in Baltimore City to attack the constitutionality of the City's
1931 Zoning Ordinance as applied to their property under the
Uniform Declaratory Judgments Act, without first exhausting
their administrative remedies. The bill brought against the May-
or and City Council of Baltimore alleges that, under the 1931
ordinance, (Baltimore City Code (1950) Art. 40) the appel-
lants' property was zoned residential and that the classification
has not been changed; that there has been a substantial change
in conditions; that, at the time of the passage of the ordinance
and at the time of the filing of the bill, the classification of the
property was unreasonable and arbitrary and resulted in a tak-
ing of the property without due process of law; and that the
ordinance, insofar as it attempts to restrict the appellants' prop-
erty to residential use only, is unconstitutional and invalid. The
City demurred to the bill and the Chancellor sustained the de-
murrer without leave to amend.

The appellants contend, first, that under the ordinance, they
had no effective administrative remedy before the Baltimore
Board of Municipal and Zoning Appeals (the Board); and,
second, that, in any event, where a constitutional issue is in-
volved, the aggrieved litigant, if he shows sufficient interest,
has the right to have a court of equity consider and pass upon
the issue.

I

The provisions of the Baltimore City Zoning Ordinance have

been before this Court in a number of cases. Many of the zoning appeals have involved actions of the Board in granting or denying applications of property owners for special exceptions. In *Mayor and City Council of Baltimore v. Seabolt,* 210 Md. 199, 205-06, 123 A. 2d 207 (1956), discussed *infra,* Chief Judge Brune, for the Court, set forth the authority for and scope of the zoning provision on exceptions as follows:

"Turning to the Enabling Act and to the Zoning Ordinance (as amended), we find that Section 7(g) of the former empowers a Board of Zoning Appeals (the Baltimore 'Board of Municipal and Zoning Appeals' being such a Board) to hear and decide special exceptions to the ordinance upon which it is required to pass and to authorize upon appeal in specific cases such variance from the terms of the ordinance as is necessary to avoid arbitrariness and so that the spirit of the ordinance shall be observed and substantial justice done. The Zoning Ordinance, as amended, (Ord. No. 711, approved May 21, 1953), by Section 35(g) repeats the provisions of Section 7(g) of the Enabling Act above mentioned, and by paragraph (j) of the same Section undertakes to prescribe standards to be followed in determining whether exceptions or variances should be granted. Section 36, which incorporates by reference the standards specified in Section 35(j), empowers the Board to make special exceptions in all cases where the Ordinance provides that the approval of the Board is required and in other cases, among which are those when there are 'practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any provision' of the Ordinance.

"The validity of the Zoning Ordinance as applied to a particular property may be raised on appeal from the Zoning Board."

In reviewing orders of the Board, the lower court and this Court on appeal often rule on whether the refusal by the Board of an application for a special exception amounted to an uncon-

stitutional taking of the property involved. The test is whether the zoning from which an exception is asked, under the circumstances involved, imposes such restrictions that the property cannot be used for any reasonable purpose. *Mayor and City Council of Baltimore v. Borinsky,* 239 Md. 611, 622, 212 A. 2d 508 (1965) and cases therein cited. Under this procedure, we have held in some cases that the Board's action in refusing the application amounted to an unconstitutional taking, *e.g. Mayor and City Council of Baltimore v. Sapero,* 230 Md. 291, 186 A. 2d 884 (1962); *Frankel v. Mayor and City Council of Baltimore,* 223 Md. 97, 162 A. 2d 447 (1960); *City of Baltimore v. Cohn,* 204 Md. 523, 105 A. 2d 482 (1954). In other cases, we have held that the Board's denial of the application did not amount to an unconstitutional taking, *e.g. Borinsky, supra; Sapero v. Mayor and City Council of Baltimore,* 235 Md. 1, 200 A. 2d 74 (1964) and *Marino v. Mayor and City Council of Baltimore,* 215 Md. 206, 137 A. 2d 198 (1957).

The appellants contend that they had no effective remedy before the Board, because the Board is an administrative agency, not a court, and only a court can decide a question of constitutional law. This argument overlooks the fact that Section 40 of the Zoning Ordinance provides for an appeal from the Board's action in denying an application for a special exception to the Baltimore City Court, and, from the decision of that court, to this tribunal. As Chief Judge Bond, for the Court, pointed out in *Ellicott v. Mayor and City Council of Baltimore,* 180 Md. 176, 180, 23 A. 2d 649 (1942), "it was the design of the statute and the ordinance that this question [the validity of the ordinance] along with others arising in the application of the zoning law should be litigated in one proceeding. at the suit of all persons feeling aggrieved, taxpayers and others."

It is particularly within the expertise of an administrative body such as the Board to marshal and sift the evidence presented in a hearing upon an application for a special exception and to make an administrative finding as to whether, on the evidence, the application of the ordinance to the property involved deprives the owner of any reasonable use of it. Such a finding is subject to court review on the question of constitu-

tionality, as a matter of law. *Borinsky, supra,* at 624; *Pallace v. Inter City Land Co.,* 239 Md. 549, 558, 212 A. 2d 262 (1965).

We held in *Seabolt* that the statutory remedy was full and adequate. We re-affirm that holding.

## II

The appellants contend that, even though there be an administrative remedy, a court of equity may intervene and act when a constitutional question is involved. They recognize the relevance of *Seabolt* to the situation here presented, but seek to restrict the authority of that case to the precise facts there presented.

In support of their argument, the appellants cite general statements from some of this Court's prior opinions which, taken apart from the actual decisions involved, tend to support their contention. For example, in *Schneider v. Pullen,* 198 Md. 64, 68, 81 A. 2d 226 (1951), Chief Judge Marbury, for the Court, said: "We have, however, been careful to point out that where constitutional questions are involved, the litigant has the right to raise them in a court of equity, and such court has the right to consider them," and in *Kracke v. Weinberg,* 197 Md. 339, 343, 79 A. 2d 387 (1951), Chief Judge Marbury said, for the Court: "It has been, of course, well settled that where a constitutional question is involved, equity may intervene and enjoin action by an administrative body, although this is not favored where there are statutory remedies which permit the raising of such a question."

There are few absolutes in the law, and the rule that an administrative remedy must be exhausted before recourse is had to the courts is not one of them. However, an analysis of our decisions shows that, while the principle may not bar court action under certain circumstances, the rule generally applies where the constitutional issue raised goes, not to the validity of the zoning ordinance as a whole, but to its application in a particular case, and where the administrative remedy is adequate.

Where there is no adequate administrative remedy, or where that remedy does not provide for judicial review of the agency's action, we have made it clear that recourse may be had to the

courts. *Heaps v. Cobb,* 185 Md. 372, 45 A. 2d 73 (1945) ; *Hecht v. Crook,* 184 Md. 271, 40 A. 2d 673 (1945). See Cohen, *Some Aspects of Maryland Administrative Law,* 24 Md. L. Rev. 1, 35-38 (1964). In zoning matters, when the property owner contends the action of the administrative body was an invalid taking and the zoning ordinance does not provide any remedy by way of appeal, we have held that the constitutional issue is properly presented by a bill in equity. *England v. Mayor and City Council of Rockville,* 230 Md. 43, 45, 185 A. 2d 378 (1962). See also *Congressional School v. State Roads Comm'n,* 218 Md. 236, 243, 146 A. 2d 558 (1958) and cases therein cited.

One category in which the principle that an equity court may take jurisdiction over a dispute as to constitutionality may come into play comprises the cases involving constitutional attack upon the validity of a general statutory enactment as a whole (as contrasted with its application to particular facts). Such cases are *Schneider v. Pullen, supra,* in which the statute attacked provided that private trade schools and certain other educational institutions must secure certificates of approval from the State Superintendent of Schools, and *Oursler v. Tawes,* 178 Md. 471, 13 A. 2d 763 (1940), which involved the constitutionality of comprehensive amendments to the state income tax law.

Another category of decisions in which that principle may be applied is where there is an attack upon the validity of a statute or ordinance not general in nature but enacted with particular reference to the property of the complainant. Here again, the attack is not upon the applicability of a general legislative enactment to the particular circumstances, but upon the validity of the legislation itself. *Commissioners of Cambridge v. Eastern Shore Public Service Co.,* 192 Md. 333, 337, 64 A. 2d 151 (1949), involved not zoning but the validity of charter powers or franchises under a statute granting the appellant authority to construct or acquire an electric power distribution system. Judge Henderson, for the Court, said that the rule that where an appeal from the action of an administrative body is provided by statute such remedy is exclusive, is "predicated upon the undesirability of by-passing administrative action, par-

ticularly where such action is within the expert knowledge of the administrative tribunal." He found, however, that the Public Service Commission is essentially a regulatory body, and has no power to grant a franchise which is essentially a legislative function. *Richmark Realty Co. v. Whittlif,* 226 Md. 273, 173 A. 2d 196 (1961); *Kracke, supra;* and *Northwest Merchants Terminal, Inc. v. O'Rourke,* 191 Md. 171, 60 A. 2d 743 (1948), all involved the constitutionality of amendments to the zoning law which, by legislative action, particularly affected the classifications of the properties involved. In *Richmark,* the opinion pointed out that the primary attack was on the validity of the challenged ordinance which waived the prohibition of the zoning law against establishment of a filling station within 300 feet of a public park. In *Kracke* and *O'Rourke* the Court found that property was being taken without compensation by legislative action under a rezoning ordinance.

Even in cases within the above categories, none of which involves the constitutionality of the application of general statutory regulations by an administrative agency to a particular property, the right of the property owner to resort to an equity court is not unqualified. See *Kracke, supra.* In *Aircraft & Diesel Equipment Corp. v. Hirsch,* 331 U. S. 752, 773-74 (1947), which involved the constitutionality of the First and Second Renegotiation Acts, Mr. Justice Rutledge, in delivering the Court's opinion, said:

> "It is true that the presence of constitutional questions, coupled with a sufficient showing of inadequacy of prescribed administrative relief and of threatened or impending irreparable injury flowing from delay incident to following the prescribed procedure, has been held sufficient to dispense with exhausting the administrative process before instituting judicial intervention. But, without going into a detailed analysis of the decisions, this rule is not one of mere convenience or ready application. Where the intent of Congress is clear to require administrative determination, either to the exclusion of judicial action or in advance of it, a strong showing is required, both of inadequacy of the prescribed procedure and of impending

harm, to permit short-circuiting the administrative process. Congress' commands for judicial restraint in this respect are not lightly to be disregarded."

In a case such as that now before us, the constitutional attack is not upon the validity of a statute or ordinance as enacted by the legislative body, but upon the application of the general statutory plan to a particular situation. Under the ordinance, the determination of the basic fact—whether the property can be used, under existing circumstances, for any reasonable purpose under the zoning classification—is left for primary determination to the expertise of the Board, with full right of appeal to the courts on the questions of law involved. If the courts took jurisdiction in the first instance, they would be transferring to themselves the responsibility which the legislative body placed upon the administrative agency. The courts would decide issues which might never arise if exhaustion of the administrative remedy were required. See 3 Davis, *Administrative Law Treatise,* § 20.09 (1958) and Cohen, *supra* p. 6, at 26-35. If a court of equity took jurisdiction in a case such as this, and the appellants prevailed, their property would be free of all zoning restrictions. *Seabolt* at 210; *City of South Bend v. Marckle,* 215 Ind. 74, 83, 18 N. E. 2d 764 (1939). See also Note, *Exhaustion of Remedies in Zoning Cases,* 1964 Wash. U. L. Q. 368 (1964).

Some courts in other jurisdictions have not followed the exhaustion of remedy rule in some cases where the constitutionality of the application of a zoning ordinance is attacked. See decisions set forth in 3 Davis, *op. cit.,* and comments thereon, and 2 Cooper, *State Administrative Law* 579 (1965). In this state, however, we regard it as settled law on principle and authority that, absent most unusual circumstances, in zoning matters where there is full opportunity for a property owner to apply to the administrative agency for a special exception from the application of the general law to the particular property, with adequate provision for judicial review of the Board's action, the court will not take jurisdiction even though a constitutional issue is raised, until the administrative remedy has been exhausted.

In *Ellicott, supra,* the appellants, including owners of prop-

erty in Baltimore in an area zoned as a residential district, appealed to the Baltimore City Court from a ruling of the Board authorizing the establishment of a filling station on a lot in the district. This Court affirmed the order of the lower court affirming the Board's action. One of the questions involved was whether the validity of the zoning ordinance as applied to the particular property could be raised on appeal from the Board or whether the aggrieved persons were required to go into equity to assert their rights. In *Seabolt*, Chief Judge Brune discussed the holding and rationale of *Ellicott,* as follows:

> "In the *Ellicott Case* the Court rejected the argument that the aggrieved parties were required to go into equity to assert their rights. The opinion, written by Chief Judge Bond, said that 'it was the design of the statute and the ordinance that this question [of validity] along with others arising in the application of the zoning law should be litigated in one proceeding, at the suit of all persons feeling aggrieved, taxpayers and others.' It pointed out that, in many instances, persons accorded a right of appeal under the Zoning Ordinance might not have such an interest as would entitle them to maintain a suit in equity. Judge Bond also said: 'And if by the logical process required the question should be separated those on objections to irregularities in the Board's action to be heard on the statutory appeals, and those on objections to the validity of a variation made by ordinance to be heard on an application for an injunction the design of the statute and the ordinance would be departed from. * * * The statute and ordinance are capable of a construction that will permit raising the question of validity on the appeal; it is convenient for the court on appeal to hear questions as the original ordinance contemplated; to separate the questions we should be following a strict logic to impose a disadvantageous practice; and that, we have concluded, should not be done.' " 210 Md. at 209.

In *Kahl v. Consolidated Gas, Electric Light & Power Co.,* 191 Md. 249, 60 A. 2d 754 (1948), the appellee wished to con-

struct an overhead power line in Baltimore County, but did not apply to the Zoning Commission for a permit. The case came to this Court on an appeal from the order of the Chancellor refusing to enjoin the appellee from proceeding with the construction of its line until it had obtained the necessary permits from the county zoning authorities. The Court, Judges Henderson and Delaplaine dissenting, reversed, and remanded the case for the passage of an injunction. The appellants in this case quote some of the language of the majority opinion, but that language, taken in context, and the holding of the Court, show the applications of the principles to which we have referred. Chief Judge Marbury, for the Court, said, at 258:

> "We have many times said that, where an administrative agency is given power to determine questions, such questions must, in the first instance, be submitted to it, and if a statutory method of appeal is provided, that must be, in general, followed. The courts do not favor the by-passing of administrative bodies, unless there is a clear necessity for a prior judicial decision. Where a constitutional question is involved, equity may, of course, intervene and act. The appellee here attempts to raise such a question. If its contention were upheld, action by the court would be entirely proper and would not violate our conception of administrative procedure. But we are unable to find that the Zoning Regulations are unreasonable or without any real and substantial relation to the public health, safety or welfare. Since we find that they are a valid exercise of the police power, the appellee must proceed under them, and cannot invoke the aid of the courts, unless some improper, illegal or arbitrary action is taken by the zoning authorities."

It will be noted that the Court reviewed and upheld the validity of the zoning regulations as a whole, as an exercise of the police power, but held that the appellee must proceed under them and could not invoke the aid of the court without first doing so. He was permitted to attack the constitutionality of the ordinance as a whole, but, as to its application, was relegated to the exhaustion of his administrative remedy.

In *Bogley v. Barber,* 194 Md. 632, 640-41, 72 A. 2d 17 (1950), a property owner whose application for a reclassification of his property from residential to commercial had been granted by the County Commissioners of Montgomery County filed a bill to enjoin the County Council (successor to the County Commissioners) from reversing the action of its predecessor on the application of neighboring property owners. The property owner who filed the bill claimed he had a constitutional right in the existing zoning of his property by reason of his reliance on the commercial zoning. The lower court dismissed the bill, and this Court affirmed the decree. Judge Markell, for the Court, said: "In the instant case it is not suggested that the zoning ordinance is unconstitutional except (if at all) if and as applied to appellant's property. We see no reason why in the instant case the pending proceedings before the Council should be halted by injunction and the whole controversy taken over by the court."

*Hoffman v. Mayor and City Council of Baltimore,* 197 Md. 294, 79 A. 2d 367 (1951), although it contained general language that the question of whether the zoning ordinance as applied to the particular property was or has become invalid may be raised by bill in equity, came to the Court on appeal from a decision affirming an order of the Board which had denied the requested permit; the administrative remedy had been exhausted. In *Kracke,* the property involved had been zoned commercial under the original zoning law of 1931; it was rezoned residential under a 1946 ordinance. The owner of the property brought a bill for a declaratory decree to have the rezoning ordinance declared unconstitutional. The language above quoted from *Kracke,* 197 Md. at 342 was used in connection with the Court's holding that the bill attacking the validity of the subsequent legislative enactment was properly filed.

*Seabolt,* in our opinion, is on all fours with the present case. There, as here, the property owners had brought a bill for a declaratory decree under the Declaratory Judgment Act to have the Baltimore zoning ordinance declared unconstitutional insofar as it restricted the property involved to residential use only. The property owners, the appellees, had applied to the Board for a special exception permitting commercial use of the

property; the Board denied the application and the property owners did not avail themselves of the right to appeal that order. Instead, they brought the bill in equity. The lower court granted them the relief prayed, but this Court reversed.

Chief Judge Brune first considered the language of the Uniform Declaratory Judgment Act, now Code (1957) Art. 31A and the effect of its re-enactment in 1945, and held the explicit language of Section 6, which requires that "When * * * a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed," had not been modified. He referred, in the language which we have previously quoted, to the special form of remedy provided by the Baltimore zoning ordinance, in the provisions for application for special exceptions, and held, for the Court, that the appellees were not entitled to declaratory relief. In his opinion, Chief Judge Brune analyzed the relevant holdings in prior cases, including *Ellicott* and *Kracke,* and concluded:

> "We think that what was said in *Ellicott v. City of Baltimore, supra* (180 Md. at 180-181, 23 A. 2d 651) is persuasive in support of the view that in a case, where changed conditions are said to have caused the application of a general zoning ordinance to a specific piece of property to become arbitrary and unreasonable, and where there is no obstacle to the immediate invocation of the statutory method of appeal so as to obtain a review of the substantial merits of the controversy, the statutory method should be followed and that under Section 6 of Article 31A of the Code (1951) declaratory relief is not available." 210 Md. at 208.

The appellant seeks to distinguish *Seabolt* on the ground that there the property owners did not avail themselves of the right to appeal to the court from the Board's denial of their application and that there was no obstacle to their immediate invocation of the statutory right to appeal, while, in the present case, the property owners never filed an application to the Board for a special exception, and therefore, unlike the property owners in *Seabolt,* did not seek to "switch horses in midstream."

We find the attempted distinction to be without merit. A property owner who seeks to invoke the aid of a court of equity without having taken any steps to invoke his administrative remedy is in no better position than one who invoked the remedy and then abandoned it. It is the failure to exhaust the administrative remedy which bars the property owners here from the relief they ask. *Seabolt* is controlling. In view of this conclusion, we do not reach the question, raised by the City, that the appellants are barred from seeking relief by their failure to assert a claim for over thirty years.

*Order affirmed; costs to be paid by the appellants.*