ALTON JOHNSON & another *vs.* BOARD OF APPEALS OF WAREHAM & others. January 5, 1972. Owners of houses in a residential A zone in Wareham seek (G. L. c. 40A, § 21) to overturn a variance given to Daniel C. Nyman and the People's Church of the Nazarene (which had merged with another congregation) to convert its forty-year old solid frame church (locus) on Route 6, in the same residential zone, into office suites. One reason for abandoning

---

[1] Her husband, Jerome Huard.

the church was the heavy traffic on Route 6, where a church member's child had been killed recently. The land on the opposite side of Route 6 is zoned commercial D for about 1,500 feet, and contains a warehouse and a business enterprise. Other old houses in the residential zone have been there since before the zoning by-law was adopted in 1952. The trial judge found that "it is unrealistic to consider that the . . . [locus] could be used . . . for either single or multiple residence[s]." To demolish the church would cost about $1,500. The vacant lot then would be worth about $3,000. The approximate cost of renovating the church for dwelling use (exclusive of land cost) would be $20,000 for a single residence and $42,000 for two apartments. Three office suites could be put in the building for about $26,000. There was evidence that the locus would then be worth about $45,000. The judge's subsidiary findings are justified by the reported evidence. The judge reasonably concluded that the variance could "be granted without substantial detriment to the public good" or substantial derogation from the purpose of the by-law. In the opinion of a majority of the court, he also reasonably concluded that, in the circumstances, conditions especially affecting the locus and the old church building created a hardship not applicable to the zoning district generally. The judge correctly ruled that naming, in the notice given under G. L. c. 40A, § 17, the record owner as applicant, without mentioning another applicant (a prospective purchaser of the locus for $15,000) did not invalidate the board's action. The purchaser's name was made known at the public hearing. Evidence strongly suggested that he would not be forced to purchase if the variance was not granted. The hardship in not being able reasonably to use this unusual, if not unique, and substantial "existing building" (see G. L. c. 40A, § 15, as amended through St. 1958, c. 381) for any permitted purpose brings the case within authorities like *Dion* v. *Board of Appeals of Waltham*, 344 Mass. 547, 551–552, and *Sherman* v. *Board of Appeals of Worcester*, 354 Mass. 133, 134–136, rather than cases such as *Bouchard* v. *Ramos*, 346 Mass. 423, 426, *McLaughlin* v. *Rockland Zoning Bd. of Appeals,* 351 Mass. 678, 683, and *Garfield* v. *Board of Appeals of Rockport,* 356 Mass. 37, 40–41.

*Decree affirmed.*

*Chris Byron* for the plaintiffs.
*William J. Cantelmo* for Daniel Nyman.