Richard L. Holmes and Barbara Holmes *v.* Zoning Hearing Board of Kennett Township.

Chester C. McCabe, James E. Booge, III et al. *v.* Zoning Hearing Board of Kennett Township.

Richard L. Holmes and Barbara Holmes, Appellants.

Argued September 28, 1978, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

448

*Ronald M. Agulnick,* for appellants.

*Timothy H. Knauer,* for appellees.

OPINION BY JUDGE BLATT, December 28, 1978:

Richard L. Holmes and Barbara Holmes (appellants) appeal here from an order of the Court of Common Pleas of Chester County reversing the Zoning Hearing Board of Kennett Township (Board) which had granted them a variance.

The appellants own approximately 2.8 acres of land in Kennett Township (Township) upon which were located the remains of a nineteenth-century gristmill, a perennial stream and a stand of evergreen trees. Subsequent to receiving permission from the Township to construct a four-bedroom single-family dwelling on this property, the appellants altered their plans and requested a new zoning permit to construct two dwellings on this property: one, a three-bedroom single-family dwelling; and the other, which is the subject of this appeal, a "tenant house" which was to be a one-bedroom single-family dwelling. This "tenant house" was to be constructed on the stone foundation

of the old gristmill, and, although the Township zoning officer initially granted a zoning permit for this second dwelling, the Board revoked the permit on the basis that the proposed use was not an "accessory use" to a single-family dwelling in accordance with the applicable zoning ordinance. Upon appeal, the lower court remanded the case to the Board for additional evidence concerning the flood hazard of the dwelling as related to a pending flood-hazard amendment to the zoning ordinance and also for consideration as to whether or not the use of the structure, *i.e.,* the use of the gristmill foundation had been abandoned. Following a public hearing and a viewing of the property, the Board granted the variance, holding that the flood-hazard amendment applied because this amendment was pending prior to the zoning permit application, that the premises were within the flood-hazard area because of being within fifty feet of the stream and that the foundation of the gristmill had been abandoned. A variance from the flood-hazard regulations of the ordinance was granted, however, because of the unusual characteristics of the property. The Board found that, without a variance, the only alternative site not within the flood-hazard area contained a stand of beautiful mature pine trees which would have to be destroyed, that the old gristmill foundation would have to be unused and that the granting of the variance would not be injurious to the health, safety and welfare of the community. Upon appeal, the lower court reversed the Board on the basis that the Board had abused its discretion in granting the variance. This appeal followed.

Our scope of review, where the lower court has not taken additional evidence, is whether or not the Board abused its discretion or committed an error of law. *Pyzdrowski v. Pittsburgh Board of Adjustment*, 437 Pa. 481, 263 A.2d 426 (1970); *DeCaro v. Wash-*

*ington Township,* 21 Pa. Commonwealth Ct. 252, 344 A.2d 725 (1975).

It is argued that the Board abused its discretion in granting the variance because the fact there was a stand of pine trees in the only alternative site did not constitute an unnecessary hardship. The law is clear that a variance may be granted when the ordinance creates an unnecessary hardship which may be attributable to the unique physical characteristics of the property and when there would not be an adverse impact on the health, safety or welfare of the general public. *Swift v. Zoning Hearing Board,* 33 Pa. Commonwealth Ct. 442, 382 A.2d 150 (1978). It is also true that unnecessary hardship may be said to result when, due to the physical characteristics of the property, the permitted use is not possible or is possible only at a prohibitive expense. *Forest Hills Borough Appeal,* 409 Pa. 392, 187 A.2d 166 (1963) (unusual topography and condition of the land); *Higgins v. Township of Radnor,* 13 Pa. Commonwealth Ct. 195, 318 A.2d 761 (1974) (unique physical circumstances by reason of creek and ravine); *see City of Baltimore v. Cohn,* 204 Md. 523, 105 A.2d 482 (1954) (weeds, brush and stagnant water). In the instant case we cannot say that the Board, after viewing this property, abused its discretion in holding that the stand of mature pine trees was of sufficient value to justify their preservation and would preclude construction in that site. Furthermore, testimony was received which indicated that flood waters would not detrimentally affect the area of the mill on the site where it now stands. We cannot say, therefore, that the Board abused its discretion in finding that the granting of the variance to use the old gristmill foundation would not be injurious to the health, safety and welfare of the community. *See Johnson v. Board of Appeals,* 360 Mass. 872, 277 N.E. 2d 695 (1972) (variance

granted to convert old church into office suites in residential area).[1]

The order of the Board granting the variance is affirmed and the order of the lower court is reversed.

### ORDER

AND Now, this 28th day of December, 1978, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby reversed and the order of the Zoning Hearing Board of Kennett Township granting a variance is affirmed and reinstated.

---

[1] It is also argued that the proposed second dwelling was not a "tenant house," and therefore not a proper accessory use in an "R-A" Residential District. The Township's zoning ordinance provides that accessory uses include a tenant house which is defined as an "accessory building on a lot used in whole or in part as a residence or sleeping place of one or more tenants." While the Board found that the mill house, as a guest house, was not a valid accessory use as a tenant house, but nevertheless granted the variance, the lower court did not consider this matter and, therefore, we do not rule on it here. *Sojtori v. Zoning Hearing Board*, 6 Pa. Commonwealth Ct. 552, 296 A.2d 532 (1972).