## HARTMAN ET AL. *v.* PRINCE GEORGE'S COUNTY, MARYLAND ET AL.

[No. 176, September Term, 1971.]

*Decided January 20, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SMITH and DIGGES, JJ.

*John R. Miles,* with whom were *William L. Kahler* and *Kahler, Shipley & O'Malley* on the brief, for appellants.

*Walter H. Maloney, Jr. County Attorney,* with whom were *Glenn T. Harrell, Jr.* and *Virginia S. Criste, Associate County Attorneys,* on the brief, for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

The aim of the appellants, landowners in Prince George's County, in filing a bill for declaratory and incidental injunctive relief was to avoid reconsideration by the District Council of Prince George's County of its grant of a special exception and a variance which would enable appellants to use their land for a filling and automobile repair station. Judge Bowie said that although he was "of the belief that declaratory relief can obtain in certain instances, despite a failure to exhaust administrative remedies," he felt no need to decide if this case presented one of these instances since he would refuse relief on the merits. He then ordered that the relief prayed for be denied.

The facts are stipulated. Appellants were granted a special exception and variance by the District Council on November 10, 1970. The Council may grant reconsideration provided it acts to do so within sixty days under § 28.16A of the Zoning Ordinance of Prince George's County (1970). On petition of the Suitland Citizens Association, Inc. which asserts it was a party at the original zoning hearing, although the record seems to indicate it was not, the Council granted reconsideration on March 17, 1971, some one hundred twenty-six days from November 10, 1970. The claim is that the customary time for action was extended by a provision of the newly adopted County Charter which provided for a "Zoning Moratorium" between the time the charter took effect on December 3, 1970 and February 8, 1971 when the new County Council took office, so as to prevent "lame duck" zoning by the old and outgoing Council. Section 1208 of the Charter provides:

"No application for a zoning map amendment or for a special exception to a zoning regulation as defined in Section 701 of this Charter, shall be finally acted upon between the effective date of this Charter and the time the first Council and first County Executive take office. This section shall not serve to result in the disapproval by operation of law of any application in a zoning case by virtue of the expiration of a deadline during the period of this moratorium. Deadlines occurring during this moratorium period shall be extended for a period of time equal to the time lost by virtue of this moratorium."

Appellants asked for a declaration that § 1208 of the Charter "be declared inapplicable to the time period allowed for granting a petition for reconsideration by the * * * District Council"; that, in the alternative § 1208 "be declared an unauthorized and ineffective legislative amendment to the Prince George's County Zoning Ordinance"; that the granting of the special exception and

variance be affirmed and that the Council be enjoined from rehearing or reconsidering the special exception.

Instead of considering and deciding the merits adversely to appellants, Judge Bowie should have remitted them to their rights under the applicable zoning ordinances. The Uniform Declaratory Judgments Act, Code (1971 Repl. Vol.), Art. 31A, § 6, sets out when declaratory relief may be granted and provides:

> "When, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed: but the mere fact that an actual or threatened controversy is susceptible of relief through a general common-law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case in which the other essentials to such relief are present * * *."

This Court consistently has applied the rule of § 6 that declarations will not be given where "a statute provides a special form of remedy for a specific type of case" because "that form of remedy must be followed." See *Reiling v. Comptroller,* 201 Md. 384; *Tanner v. McKeldin,* 202 Md. 569 (right to vote must be determined as Art. 33 provides and liability to income tax must be determined as the Income Tax Act provides) ; *Albert v. Public Service Commission,* 209 Md. 27, 41; *Quinan v. Schneider,* 247 Md. 310 (no declaration as to paternity once proceedings have been instituted against putative father under the paternity act) ; *Lee v. Sec. of State and Mahoney,* 251 Md. 134 (where there is a special statutory form of procedure for challenging the registration of voters that remedy must be followed and this would include the taking of judicial appeals as the statute provides, rather than the seeking of relief under the ordinary jurisdiction of the Courts).

The rule often has been applied to zoning cases. See *Mayor and City Council v. Seabolt,* 210 Md. 199 (no declaration that a zoning ordinance does not validly control a particular property where property owner could have appealed an adverse ruling of the zoning board under Code, Art. 66B, § 7). In *Poe v. Baltimore City,* 241 Md. 303, 307, the owner's claim was that the ordinance was unconstitutional in its application to his property. He argued that he was entitled to a declaration to this effect since only a court and not a zoning board could rule on constitutional questions. His argument was rejected by this Court, which remitted him to his zoning administrative remedies. The Court said:

> "The appellants contend that they had no effective remedy before the Board, because the Board is an administrative agency, not a court, and only a court can decide a question of constitutional law. This argument overlooks the fact that Section 40 of the Zoning Ordinance provides for an appeal from the Board's action in denying an application for a special exception to the Baltimore City Court, and, from the decision of that court, to this tribunal. As Chief Judge Bond, for the Court, pointed out in *Ellicott v. Mayor and City Council of Baltimore,* 180 Md. 176, 180, 23 A. 2d 649 (1942), 'it was the design of the statute and the ordinance that this question [the validity of the ordinance] along with others arising in the application of the zoning law should be litigated in one proceeding, at the suit of all persons feeling aggrieved, taxpayers and others.' "

The Court said further (p. 311):

> "In this state, however, we regard it as settled law on principle and authority that, absent most unusual circumstances, in zoning matters where there is full opportunity for a property owner

> to apply to the administrative agency for a special exception from the application of the general law to the particular property, with adequate provision for judicial review of the Board's action, the court will not take jurisdiction even though a constitutional issue is raised, until the administrative remedy has been exhausted."

The principle applied in *Poe* has been applied in recent zoning cases. See *Gingell v. Board of County Commissioners,* 249 Md. 374 (one reason declaration will not be granted in a zoning case is that the court is being called on to decide issues that might never arise if the prescribed statutory remedies were followed) ; *Agrarian, Inc. v. Zoning Inspector,* 262 Md. 329 (mandamus to enforce issuance of building permit not available where zoning ordinance provided statutory procedures, administrative and judicial, to redress wrong complained of) ; *The Commissioners of Cambridge v. Henry,* 263 Md. 370.

In the case before us, the appellants can appear at the rehearing and make and preserve for judicial review all the contentions they now make, including the contention that the Suitland Citizens Association was not a party named in the record of the original hearing and therefore had no standing to move for reconsideration, as *Wagner v. County Commissioners for Prince George's County,* 263 Md. 560, 284 A.2d 5 (1971), holds ("In our opinion a proper construction of Section 28.16A, subsection (b) requires that a petition for reconsideration be filed *by a party named in the record at the original hearing* pursuant to which the action of the District Council was taken and for which reconsideration is requested."). It may also be that the Association, rather than the individuals comprising it, had no standing at the time of the hearing or at the time it moved for reconsideration. It may also be that the petition for reconsideration was not filed within the prescribed time. The case will be remanded without affirmance or re-

versal for the passage of an order dismissing the bill and remitting the appellants to their special statutory remedies.

*Case remanded without affirmance or reversal, costs to be paid by appellants.*