638 A.2d 1242

**LAURENCE DESI, SR., M.D., P.A. et al.**

**v.**

**NORTHWESTERN NATIONAL INSURANCE GROUP et al.**

**No. 981, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

April 1, 1994.

Haven N. Shoemaker, Jr. (Ralph M. Murdy on the brief), Baltimore, for appellants.

Steven E. Schenker (Theodore B. Cornblatt, Steven J. Meltzer and Smith, Somerville & Case, on the brief), Baltimore, for appellees.

Argued before BLOOM, CATHELL and HARRELL, JJ.

BLOOM, Judge.

After the Circuit Court for Baltimore City reversed an award made by the Workers' Compensation Commission, appellants, Laurence Desi, Sr., M.D., P.A. ("Desi") and Pyramid Health Services, Inc. ("Pyramid"), filed a declaratory judgment action in the Circuit Court for Baltimore City to collect compensation from appellees, Metro–Distributing Company, Inc. ("Metro"), the employer, and Northwestern National Insurance Group ("Northwestern"), its insurer, for medical treatment furnished the claimant/employee. On 5 May 1993, the circuit court dismissed the complaint. In this appeal from that judgment, appellants raise two issues, which we restate as follows:

May the circuit court exercise its jurisdiction over a declaratory judgment action seeking payments for medical treatment when the claim has not been presented to the Workers' Compensation Commission?

*Factual Background*

On 27 August 1983, Clyde J. Sanders, an employee of Metro, was injured. He filed a claim with the Workers' Compensation Commission, contending that the injury occurred in the course of his employment. The Commission awarded him compensation and directed Metro and/or its insurer, Northwestern, to pay Mr. Sanders's medical care expenses. The employer and insurer appealed to the Circuit

Court for Baltimore City, challenging the Commission's determination that the medical treatment received by the claimant was necessitated by accidental injuries he sustained in the course of his employment.

Dr. Desi and Pyramid provided Mr. Sanders with medical treatment both before the award by the Commission and during the appeal. Desi received partial payment for its services; Pyramid, however, was not compensated at all for the treatment it provided. The claimant's medical bills increased by $3,652.90 during the pendency of the appeal.

The Circuit Court for Baltimore City reversed the Commission on 28 May 1992, determining that the medical treatment afforded Mr. Sanders was not necessitated by the accidental injury he sustained on 27 August 1983.

After the reversal of the award, Desi and Pyramid demanded payment from Metro and Northwestern for their services. On the basis of their successful appeal, the employer and insurer denied all liability. In response, Desi and Pyramid filed in the Circuit Court for Baltimore City a complaint entitled "Complaint for Declaratory Judgment," in which they sought an order directing appellees to pay Sanders's medical bills, plus interest and attorneys' fees. Appellants, alleging that the disclaimer of liability by Metro and Northwestern was wrongful because of the anti-stay provisions of the Workers' Compensation Act,[1] submitted to the court a Motion for Summary Judgment with supporting affidavits.

Metro and Northwestern filed a Preliminary Motion to Dismiss the Complaint for Lack of Jurisdiction Over the Subject Matter and/or Failure to State a Claim Upon Which Relief Can Be Granted. The circuit court denied the motion for summary judgment filed by Desi and Pyramid and granted the motion to dismiss submitted by Metro and Northwestern.

---

1. Md.Code (1991), § 9–741 of the Labor and Employment Article provides that an appeal from the Workers' Compensation Commission is not a stay of an order of the Commission requiring payment of compensation or an order or supplemental order of the Commission requiring the provision of medical treatment.

Counsel for the parties agreed to have the court alter the order to clarify that the motion to dismiss was granted without leave to amend, so that Desi and Pyramid could appeal to this Court without further delay. For some unexplained reason, the revised order was changed by the court to read that leave to amend was given. Desi and Pyramid then filed an amended complaint for declaratory judgment and motion for summary judgment. Metro and Northwestern submitted a Supplemental Motion to Dismiss the Amended Complaint and an Opposition to the Motion for Summary Judgment, but noted that there was no factual dispute. On 5 May 1993, the circuit court denied the motion for summary judgment and granted the motion to dismiss.

## Analysis

■ The Maryland Uniform Declaratory Judgment Act, Md.Code (1974, 1989 Repl.Vol.), § 3–401 *et seq.* of the Courts & Judicial Proceedings Article (CJ), contains a restriction on the exercise of the jurisdiction of a circuit court to hear a declaratory judgment action. CJ § 3–409(b) provides:

If a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed in lieu of a proceeding under this subtitle.

The Maryland Workers' Compensation Act, Md.Code (1991), § 9–101 *et seq.* of the Labor & Employment Article (L & E), specifically provides in L & E § 9–731(a):

Unless approved by the Commission, a person may not charge or collect a fee for ... medical services, supplies, or treatment provided under Subtitle 6, Part IX of this title.

Subtitle 6, Part IX of the Act requires that an employer or its insurer promptly provide a covered employee with medical benefits. We hold that with respect to fees for medical care furnished an injured worker under subtitle 6, Part IX of the Workers' Compensation Act, L & E § 9–731(a) is "a special form of remedy for a specific type of case," which, in accordance with CJ § 3–409(b), must be followed in lieu of a proceeding under the Uniform Declaratory Judgment Act.

Accordingly, all claims for compensation for medical treatment must be presented to the Commission for approval before a declaratory judgment action may be brought in the circuit court. We have heretofore held that the attempted use of a declaratory judgment was inappropriate to raise First Amendment constitutional issues relating to a claimed exception from sales taxes. *See, Bancroft Information Group, Inc. v. Comptroller,* 91 Md.App. 100, 115–16, 603 A.2d 1289 (1992) (taxpayer must exhaust administrative remedies as provided in Maryland Code before bringing declaratory judgment action). *See also, Soley v. Comm'r on Human Relations,* 277 Md. 521, 525–28, 356 A.2d 254 (1976) (demurrer sustained against apartment owners who filed declaratory judgment action to restrain Human Relations Commission from enforcing *subpoena duces tecum* ); *Hartman v. Prince George's Co.,* 264 Md. 320, 323, 286 A.2d 88 (1972) (declaratory action filed by landowners was properly dismissed because statutory remedies were available under the zoning ordinance).

■ Because Desi and Pyramid did not present their claims to the Commission before filing the declaratory judgment action, the circuit court was statutorily restricted from exercising its jurisdiction.

■ Desi and Pyramid assert that any effort to make a claim before the Commission after the reversal of the award would be unsuccessful because, as they state in their brief, after the appeal "the Commission was divested of jurisdiction." Appellants have misconstrued the law. The Commission is divested of jurisdiction only during the pendency of an appeal. After the circuit court has rendered a decision on an appeal, the Commission resumes jurisdiction over all issues. *Pressman v. State Accident Fund,* 246 Md. 406, 416, 228 A.2d 443 (1967). The proper place for Desi and Pyramid to have submitted their claim for compensation was to the Commission. Because they failed to do so, the circuit court did not err in granting the motion to dismiss.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.