# THE AUGUSTA BUILDING AND LOAN ASSOCIATION, INC. ET AL. *v.* STATE OF MARYLAND COMMISSION ON HUMAN RELATIONS

[No. 1046, September Term, 1977.]

\* \* \*

# VERMONT FEDERAL SAVINGS AND LOAN ASSOCIATION ET AL. *v.* STATE OF MARYLAND COMMISSION ON HUMAN RELATIONS

[No. 1047, September Term, 1977.]

*Decided April 28, 1978.*

*Refiled as reported June 7, 1978.*

The cause was argued before GILBERT, C. J., and MOORE and MELVIN, JJ.

*Betsy G. Cunningham,* with whom were *William C. Rogers, Jr.,* and *John Paul Rogers* on the brief, for appellants.

*Risselle R. Fleisher, Assistant General Counsel,* with whom were *George A. Shehan, General Counsel,* and *W. Stanwood Whiting, Assistant General Counsel,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court. MOORE, J., concurs and filed a concurring opinion at page 471 *infra.*

These cases, consolidated on appeal by order of this Court, arise from the September 9, 1977, orders of the Circuit Court of Baltimore City (Sullivan, J.) that the appellants, The Augusta Building and Loan Association, Inc. (Augusta) and Vermont Federal Savings and Loan Association (Vermont) comply with the subpoenas *duces tecum* served upon the respective appellants on March 11 and 9, 1977, by the State of Maryland Commission on Human Relations (the Commission).

From the sparse record before us, we glean that on August 5, 1976, four (4) members of the Commission [1] executed near-duplicate complaints against Augusta and Vermont. In pertinent part, the complaints charged:

"The ... [appellants are] subject to the jurisdiction of the Maryland Commission on Human Relations. Acting in accordance with Section 12 (b) of Article

1. House Bill 1344, would amend Md. Ann. Code art. 49B, § 12, by renumbering it as § 9 and changing the approval of the number of Commissioners required to file a complaint from the current four (4) to three (3).

49B of the Annotated Code of Maryland, the Commission finds there is evidence to support an allegation that the ... [appellants utilize] standards, terms, or conditions, with regard to hiring, recruitment; job assignment and promotional policies, which have a disparate effect on Blacks and women.

The Commission, therefore, has reason to believe that the ... [appellants have] engaged in unlawful employment practices which have resulted in the exclusion of minority group persons because of their race and sex in violation of Article 49B of the Annotated Code of Maryland."

The complaints, accompanied by letters dated October 1, 1976, were received by the appellants "[o]n or about October 6, 1976. ..."

As we have noted, the Commission served each of the appellants with a subpoena *duces tecum* "[i]n accordance with the authority contained in Article 49B, Section 14 (d) of the Annotated Code of Maryland," commanding the production of any and all records, documents, requisitions, memoranda and other writings pertaining to the employment practices of the appellants for the period of January 1, 1976, to December 31, 1976. Augusta and Vermont refused to produce the subpoenaed materials.

The Commission, seemingly of the belief that "[s]ince authority is the oldest means of persuasion known to man, it is also the most universally effective," [2] pursuant to Md. Ann. Code art. 49B, § 14 (d),[3] filed in the circuit court

---

2. R. Oliver, R. Cortright and C. Hager, *The New Training for Effective Speech* 358 (1946).

3. Md. Ann. Code art. 49B, § 14 (d) provides in pertinent part:

"In case of disobedience to a subpoena, the Commission may apply to a circuit court in any county or to a court of appropriate jurisdiction in the Supreme Bench of Baltimore City for an order requiring the attendance and testimony of witnesses and the production of books, papers, records, and documents. ... [T]he court may issue an order requiring the attendance and testimony of the witness and the production of the books, papers, records and documents. Any failure to obey such an order of the court may be punished by the court as a contempt thereof."

petitions "For Order Directing Production of Documents" against Augusta and Vermont. Separate hearings were held on each case on September 7, 1977. Two (2) days later, the court ordered Augusta and Vermont to "produce all documents and things specified in the" subpoenas *duces tecum* at the Commission's offices within fifteen (15) days of the court's order. Dissatisfied by Judge Sullivan's decision, Augusta and Vermont have brought their cause to this Court. They shall, however, fare no better than they did in the circuit court.

The appellants present four (4) questions which variously attack the statutory authority of the Commission to issue subpoenas *duces tecum* on the basis of allegedly defective complaints and supposedly prior to the conducting of properly authorized preliminary investigations. Md. Ann. Code art. 49B, § 12 (b).

All the appellants' questions and supporting arguments were sunk on the shoals of *Banach v. State of Maryland Comm'n on Human Relations,* 277 Md. 502, 512-13 (1976), where the Court, speaking through Judge Levine, held "that the Human Relations Commission possesses statutory authority to issue a subpoena duces tecum *in connection with a preliminary investigation* under Art. 49B, § 12 (b)." [4] (Emphasis supplied.)

The same day that *Banach* was filed, the Court handed down its opinion in *Soley v. State of Maryland Comm'n on Human Relations,* 277 Md. 521 (1976). In *Soley,* the Court reiterated "that the commission possesses statutory authority to issue a subpoena duces tecum *while conducting a preliminary investigation* under Art. 49B, § 12 (b)."

---

4. Md. Ann. Code art. 49B, § 12 (b) provides:

"Whenever the Commission has received reliable information from any individual or individuals that any person has been engaged or is engaged in any discriminatory practice within the scope of this article, and *after a preliminary investigation* by the Commission's staff authorized by the chairman or vice-chairman it is satisfied that said information warrants the filing of a complaint, the Commission, on its own motion, and by action of not less than four commissioners, may issue a complaint in its name in the same manner as if the complaint had been filed by an individual." (Emphasis supplied.) *But see* n. 1, *supra.*

(Emphasis supplied.) 277 Md. at 524. Furthermore, the Court extended its *Banach* holding to encompass Md. Ann. Code art. 49B, § 13(a) by flatly declaring, "We hold . . . that the Human Relations Commission possesses statutory authority to issue a subpoena duces tecum during an investigation. . . ." 277 Md. at 525.

It is patent from *Banach* and *Soley,* as well as the language of Md. Ann. Code art. 49B, § 12 (b), that the authorization by the Commission's chairman or vice-chairman of a preliminary investigation, not the subsequent filing of a Commission complaint, is the *sine qua non* for the issuance of a valid subpoena *duces tecum.* Any alleged defects in the complaints in this case, which were filed after the initiation of the preliminary investigations, are irrelevant to the validity of the properly executed subpoenas *duces tecum.* The "contention that the subpoena power is limited to the post-complaint investigation and hearing stages finds no support in the language of" Md. Ann. Code art. 49B, § 14 (d) which empowers the Commission to issue subpoenas. *Banach v. State of Maryland Comm'n on Human Relations,* 277 Md. at 509.

In addition to their assault upon the allegedly defective Commission complaints, Augusta and Vermont question whether the Commission may "validly issue and compel compliance with a subpoena duces tecum prior to conducting a properly authorized preliminary investigation as required by § 12 (b) of Article 49B of the Annotated Code of Maryland?" The appellants put the cart before the horse. It is apparent from *Banach* and *Soley* that the conduct or completion of the preliminary investigation is not a condition precedent for the issuance of Commission subpoenas. The preliminary investigation need only be authorized by the Commission chairman or vice-chairman under Md. Ann. Code art. 49B, § 12 (b) in order for valid subpoenas *duces tecum* to issue. Although the Commission enjoys considerable discretion in authorizing the issuance of subpoenas *duces tecum* pursuant to a properly authorized preliminary investigation, "[t]hat the Legislature may validly confer upon administrative agencies such as the Human Relations

Commission the power to compel production of information for purposes of preliminary investigation is well settled." *Banach v. State of Maryland Comm'n on Human Relations,* 277 Md. at 507.

Augusta and Vermont have failed to produce so much as a single gossamer of evidence that preliminary investigations were not authorized or conducted by the Commission. Indeed, the Commission's complaints and sworn petitions filed in the circuit court alleging the Commission's receipt of reliable information and the conduct of preliminary investigations of Augusta and Vermont evidences that preliminary investigations were approved and executed. Moreover, Judge Sullivan, in the Vermont hearing, found as a fact that a preliminary investigation had been conducted. We are unable to conclude from the record that Judge Sullivan's finding was clearly erroneous. Md. Rule 1086.

As to the Augusta hearing, the question of the authorization and conduct of a preliminary investigation was not plainly raised or decided in the hearing court. The matter is not properly preserved for our review. Md. Rule 1085. Even if the matter were considered to have been implicitly decided by the court, we would be unable to state, on the basis of the record before us, that the court was clearly erroneous. Md. Rule 1086.

*Judgments affirmed.*
*Costs to be paid by appellants.*

*Moore, J., concurring:*

I concur in the result reached in the opinion of the majority of the panel.

In my view, however, the Order appealed from is not a "final judgment" within the meaning of Cts. & Jud. Proc. Art. 12-301 or Art. 41, § 256 and, therefore, the appeal should be dismissed.