## MARYLAND COMMISSION ON HUMAN RELATIONS
## *v.* BALTIMORE COUNTY SAVINGS &
## LOAN ASSOCIATION, INC.

[No. 1327, September Term, 1981.]

*Decided September 3, 1982.*

The cause was argued before GILBERT, C. J., and MOORE, J., and WILLIAM W. WENNER, Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Philip L. Marcus, Associate General Counsel,* with whom was *Risselle Rosenthal Fleisher, General Counsel,* on the brief, for appellant.

*Robert J. Ryan,* with whom were *Moore, Hennegan, Carney & Ryan* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

In 1976 the Maryland Commission on Human Relations (the Commission), appellant, addressed a complaint to the Baltimore County Savings & Loan Association (the Association), appellee, concerning alleged unlawful employment discrimination practices. In 1981 the Commission filed a Statement of Charges against the Association. Charging that the complaint failed to meet certain statutory requirements, the Association moved to dismiss. The Commission's hearing examiner denied the motion, and a public hearing was scheduled.

An action for declaratory and injunctive relief was then filed by the Association in the Circuit Court for Baltimore County. The Commission filed a demurrer which was subsequently overruled. This appeal arises from that order of the circuit court (Haile, J.). For the reasons stated we shall reverse.

I

A letter of complaint dated August 5, 1976, signed by four commissioners of the Maryland Commission on Human Relations, was sent to the Baltimore County Savings & Loan Association, stating that the Commission had evidence that the Association was engaged in unlawful employment discrimination practices against blacks and women. The Commission was acting pursuant to its authority under Article 49B, § 12 (b) (now § 9 (b)) of the Annotated Code of Maryland. Thereafter, the Commission's staff attempted to resolve the complaint by "conference, conciliation, and persuasion." See Md. Ann. Code art. 49B, § 10 (b) (1957,

1979 Repl. Vol.). No agreement was reached, however, between the Commission and the Association and a "Statement of Charges" was filed against the Association in April 1981.

The Association moved to dismiss the proceedings on the ground that the complaint was invalid because it was not under oath, and generally failed to meet the requirements of § 9 (b). The Commission then filed, as an "Amendment to Commission Complaint," sworn statements of each of the commissioners who had signed the August 1976 complaint. The examiner found that the complaint fulfilled the statutory prerequisites and, consequently, a public hearing was scheduled.

On September 2, 1981, the Association filed a suit for declaratory and injunctive relief requesting that the complaint be declared invalid and the Commission enjoined from holding a public hearing. A demurrer was filed by the Commission alleging, *inter alia,* that the court was precluded from exercising jurisdiction because of the doctrine of exhaustion of administrative remedies. The circuit court overruled the demurrer and enjoined the Commission from conducting a public hearing.

On appeal, the principal question is whether the Association was required to exhaust the appropriate administrative procedures before seeking judicial review. The secondary issue is whether the overruling of the Commission's demurrer is an appealable interlocutory order.

## II

In *Prince George's County v. Blumberg,* 288 Md. 275, 283, 418 A.2d 1155, 1160 (1980), the Court of Appeals observed that in the past four or five decades few legal tenets have received greater acceptance in Maryland than the doctrine of exhaustion of administrative remedies. That doctrine is stated as follows:

"[A] claimant ordinarily must seek to redress the wrong of which he complains by using the statutory

procedure the legislature has established for that kind of case, if it is adequate and available, and if he is unsuccessful and wishes aid from the courts, he must take judicial appeals in a manner the legislature has specified rather than by seeking to invoke the ordinary general jurisdiction of the courts. . . . *[Consequently, we] have held that where a special form of remedy is provided, the litigant must adopt that form and must not bypass the administrative body or official, by pursuing other remedies."* Id. at 283-84, 418 A.2d at 1160. (Emphasis added.) (Citations omitted.)

The Association argues that the doctrine is inapplicable in this case because there is no "special form of remedy." A contrary conclusion was reached by the Court of Appeals on similar facts in *Soley v. Commission on Human Relations,* 277 Md. 521, 356 A.2d 254 (1976). We feel that *Soley* is dispositive.

In *Soley,* the Commission filed an amended complaint against certain apartment owners charging them with racially discriminatory housing practices. When the owners refused to comply with the Commission's subpoenas *duces tecum,* the Commission sought a court order to enforce them.[1] The apartment owners, claiming that the complaint was invalid,[2] filed a separate action for declaratory and injunctive relief to restrain the Commission from enforcing

---

1. Md. Ann. Code art. 49B, § 12 (1957, 1979 Repl. Vol.) (formerly § 15) provides as follows:

§ 12. Enforcement of Commission's orders; complaint maliciously made; right to bring civil action not denied.

(a) If any respondent refuses to comply with an order of the Commission made within the scope of any of these subtitles, the Commission may, represented by its general counsel, institute litigation in the appropriate equity court of the county or in Baltimore City where the alleged discrimination took place to enforce compliance with any of the provisions of this article.

The court, in hearing said case shall be governed by the judicial review standards as set forth in the Administrative Procedures Act, §§ 255-256 of Article 41 of the Annotated Code of Maryland.

2. The apartment owners argued that the underlying complaint was invalid because it did not comply with the requisites of Art. 49B, § 12 (b),

the subpoenas. The chancellor, however, sustained the Commission's demurrers. Affirming the chancellor's decision, the Court of Appeals held that § 15 (now § 12) of Article 49B and § 255 (a) [3] of Article 41, part of the Administrative Procedure Act, combined to provide a "special form of remedy" within the meaning of § 3-409 (b) of the Courts and Judicial Proceedings article.[4] *Id.* at 525, 356 A.2d at 257.

In an opinion by Judge Levine,[5] the Court rejected appellant's contention that there need be no exhaustion of administrative remedies where the act of the administrative agency is alleged to be ultra vires or illegal, and concluded:

> "Accordingly, we hold that the chancellor was correct in his conclusion that where a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed in lieu of a proceeding under the declaratory judgment act." *Id.* at 528, 356 A.2d at 258.

That special form of remedy is present in § 12. The Association's argument that *Soley* is distinguishable is unpersuasive. It states that the proceedings in *Soley* were confined to the confidential investigative stages,[6] whereas in this case a public hearing has been scheduled. This factual distinction, however, does not extinguish the remedy contemplated in § 12.[7]

---

now § 9 (b), with regard to particularity and failed to allege the "reliable information" which the Commission must receive before it can issue a complaint in its own name.

**3.** "Any party aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, is entitled to judicial review thereof under this subtitle." Md. Code Ann. art. 41, § 255(a) (1957, 1979 Repl. Vol.).

**4.** "If a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed in lieu of a proceeding under this subtitle [declaratory judgment]." Md. Cts. & Jud. Proc. Code Ann. § 3-409 (1980).

**5.** *Soley* was a companion case to *Banach v. Commission on Human Relations,* 277 Md. 502, 356 A.2d 242 (1976), in which the opinion was also authored by Judge Levine.

**6.** See Md. Ann. Code, art. 49B, § 13 (1957, 1979 Repl. Vol.).

**7.** See note 1, *supra.*

The Association also hypothesizes that it will be deprived of a special form of remedy if the Commission, after making findings of fact detrimental to its interest, does not seek to enforce a final order [8] either because the underlying complaint was invalid, or for any other reason. First, the Association incorrectly assumes the complaint's invalidity. See discussion *infra*. Secondly, the decision whether to seek a court order, regardless of the reason, lies within the discretion of the Commission.[9] In essence, appellant's lament concerns the nature of the statutory administrative process, and is beyond redress in this Court.

The Association alternatively contends that two of the five exceptions to the administrative exhaustion rule enumerated in *Blumberg*, 288 Md. 275, 284-85, 418 A.2d 1155, 1161 (1980), are applicable. These two exceptions are:

\* \* \* \*

"3. When an agency requires a party to follow, in a manner and to a degree that is significant, an unauthorized procedure. *Stark v. Board of Registration*, 179 Md. 276, 284-85, 19 A.2d 716, 720 (1941)." [10]

\* \* \* \*

"5. When the object of, as well as the issues presented by, a judicial proceeding only

---

8. Under § 11 (e) the Commission's hearing examiner is required to state findings of fact if, during the hearing, evidence is presented that a party has engaged in a discriminatory act within Art. 49B. Pursuant to those findings of fact the examiner must issue a cease and desist order. Md. Code Ann. art. 49B, § 11 (e) (1957, 1979 Repl. Vol.). That order is subject to judicial enforcement. *Id.* at § 12.

9. "If any respondent refuses to comply with an order of the Commission . . ., the Commission *may* . . . institute litigation . . . to enforce compliance with any of the provisions of this article." Md. Code Ann. art. 49B, § 12 (1957, 1979 Repl. Vol.) (Emphasis added.)

10. Even if a procedure is unauthorized, there is substantial doubt that the third exception listed in *Prince George's County v. Blumberg, supra,* remains viable. The Court of Appeals in *Soley v. Commission on Human Relations, supra,* stated the "*dictum* [in *Stark*] has been deprived of any vitality it may have possessed by the subsequent adoption of the Admin-

tangentially or incidentally concern matters which the administrative agency was legislatively created to solve, and do not, in any meaningful way, call for or involve applications of its expertise. *Md.-Nat'l Cap. P. & P. v. Wash. Nat'l Arena,* 282 Md. 588, 594-604, 386 A.2d 1216, 1222-27 (1978)." [11]

Under the third *Blumberg* exception, the Association asserts that the Commission is forcing it to undergo public hearing without a validly issued, *i.e.,* (sworn) complaint and this constitutes an "unauthorized procedure." In claiming that the procedure is unauthorized, the Association has placed a disingenuous degree of reliance on *Equitable Trust Co. v. Commission on Human Relations,* 287 Md. 80, 411 A.2d 86 (1980). The Court of Appeals there ordered that the Commission's petition for a subpoena *duces tecum* be dismissed, on remand, because the underlying complaint was not under oath as required by Article 49B, § 9.

The rationale of the decision was that the legislature intended to assure that those against whom the Commission brought complaints [12] would not be subjected to charges

---

istrative Procedure Act, which encompasses such complaints within the scope of judicial review." 277 Md. 521, 528, 356 A.2d 254, 258 (1976). In addition, the court noted that, "[a]mong the grounds on which the decision of an administrative agency may be attacked on judicial review are "excess of . . . statutory authority or jurisdiction of the agency; . . . unlawful procedure; [or] other error of law. . . ." *Id.* at n.3 (citing Md. Ann. Code art. 41, § 255 (g) (1957, 1971 Repl. Vol.)). Our research has revealed no cases in which the *Stark* exception, as cited in *Blumberg,* has been successfully applied. However, some vitality may inhere in the *Stark* exception with reference to appeals from decisions by county agencies to which the Administrative Procedure Act is not applicable. Md. Ann. Code art. 41, § 244 (1957, 1979 Repl. Vol.); Urbana Civic Association v. Urbana Mobile Village, Inc., 260 Md. 458, 272 A.2d 628 (1971).

11. There is also some doubt whether the fifth *Blumberg* exception is indeed an exception to the doctrine of exhaustion of administrative remedies. Authority for the exception was derived from *Md.-Nat'l Cap. P. & P. v. Wash. Nat'l Arena,* 282 Md. 588, 594-604, 386 A.2d 1216, 1222-27 (1978). As discussed *infra,* that case concerned the doctrine of "primary jurisdiction" as distinguished from the administrative exhaustion doctrine. It is, therefore, likely that the Association's reliance on this "exception" is misplaced.

12. Md. Ann. Code art. 49B, § 12 (1957, 1979 Repl. Vol.), specifically requires complaints brought by individuals to be under oath. The Court rejected the argument that this requirement was not applicable to the Commission itself. Equitable Trust Co. v. Commission on Human Relations, 287 Md. 80, 88-89, 411 A.2d 86, 91 (1980).

lightly made or issued upon the "whim, fantasy or prejudice of certain of the commissioners." *Id.* at 88, 411 A.2d at 91. The Court of Appeals in *Equitable Trust* did not invalidate all unsworn complaints, but simply held that where a complaint is not issued under oath a subpoena *duces tecum* could not be enforced.[13] Nothing in the decision suggests that such a defect could not be cured by amendment.

Article 49B, § 11 (c) expressly permits "reasonable amendment to be made to any complaint or answer." Furthermore, regulations adopted by the Commission specifically state that, "a complaint may be amended to cure technical defects or omissions, *including failure to swear to the complaint, . . .* All of these amendments will relate back to the the original filing date." COMAR 14.03.01.02D(3) [14] (emphasis added). Sworn statements of the four signing commissioners, in this case, were added to the original complaint as an amendment. Thus, the protection afforded by the oath requirement, contemplated in *Equitable Trust,* was present here; therefore, there was no unauthorized procedure.

The second exception upon which appellee relies, the so-called fifth *Blumberg* exception, appears to have been raised for the first time on appeal and is supported only by the argument in appellee's brief that the determination of the complaint's validity is a question of law which does not involve the administrative agency's expertise.

Preliminarily, we believe it appropriate to point out that this "exception" [15] was found in *Blumberg* to derive from *Maryland-National Capital Park & Planning Commission v.*

---

**13.** The court in *Equitable Trust* was able to reach the issue of the complaint's defect because administrative exhaustion was not involved. In contrast to *Soley,* no separate action for declaratory and injunctive relief was filed by the bank in *Equitable Trust.* The bank simply appealed the trial court's order to enforce the subpoena *duces tecum* sought by the Commission. Equitable Trust Co. v. Commission on Human Relations, 287 Md. 80, 411 A.2d 86 (1980).

**14.** In *Equal Employment Opportunity Commission v. United States Fidelity & Guaranty Co.,* 420 F. Supp. 244, 248 (Md. 1976), the federal district court recognized relation back of an amendment to verify a previously filed complaint under the EEOC's regulations. These regulations are similar to those adopted by the Maryland Commission on Human Relations.

**15.** See note 11, *supra.*

*Washington National Arena,* 282 Md. 588, 594-604, 386 A.2d 1216, 1222-27 (1978); [16] and that a careful reading of Judge Levine's opinion makes it clear that the decision was governed by the doctrine of "primary jurisdiction." This was defined as a "judicially created rule designed to coordinate the allocation of functions between courts and administrative bodies." *Id.* at 601, 386 A.2d at 1225-26, and applicable only where there is concurrent jurisdiction between court and administrative agency. Indeed, the court was careful to emphasize that primary jurisdiction *"is distinguishable from the doctrine requiring the exhaustion of administrative remedies."* (Emphasis added.) *Id.* at 602, 386 A.2d at 1226, (noting *Soley v. Commission on Human Relations,* 277 Md. 521, 526-27, 356 A.2d 254 (1976), for an explanation of the policies underlying the exhaustion rule). Therefore, as previously suggested,[17] whether the fifth *Blumberg* "exception" is, indeed, an exception is open to question.

At all events, the determination of the validity of the complaint under § 9 (b) was a matter within the administrative expertise of the Commission. The issue was not one that only tangentially concerned matters the Commission was created to solve, but rather arose directly under the statute authorizing the Commission to issue complaints. The Association's argument, carried to its logical conclusion, suggests that any "legal" challenge to an administrative agency's action under a statute automatically invokes an exception to the exhaustion doctrine. Such a view is untenable.

### III

The Association argues that the lower court's overruling of the Commission's demurrer is not an appealable interloc-

---

**16.** In that case, the lessee agreed to relinquish in advance his statutory right to challenge assessment of taxes upon real estate improvements. The Court of Appeals held that enforceability of a waiver provision of a lease was not a problem arising under the taxing statutes within the administrative expertise of the Maryland Tax Court or Property Tax Appeal Board. The issue was "purely and simply" a matter of contract construction, not involving questions of valuation or interpretation of revenue laws. 282 Md. 588, 598, 386 A.2d 1216, 1224.

**17.** Note 11, *supra.*

utory order. An order overruling a demurrer is not appealable except when it falls within one of the provisions of Md. Cts. & Jud. Proc. Code Ann. § 12-303 (1980), permitting direct appeals from certain interlocutory orders. Section 12-303 (c) of that article provides that an appeal may be taken from "[a]n order: granting or dissolving an injunction, but if the appeal is from an order granting an injunction, only if the appellant has first filed his answer in the cause." *Id.* Although no answer was filed in this case, the Commission did file a demurrer to the Association's suit for declaratory and injunctive relief. A demurrer to a bill or petition for an injunction is regarded as an answer within the meaning of this section. *See, e.g., Stockham v. Knollenberg,* 133 Md. 337, 105 A. 305 (1918).

> *Order reversed; case remanded to Circuit Court for Baltimore County for entry of an order vacating injunction and for remand to Maryland Commission on Human Relations for hearing.*
>
> *Costs to be paid by appellee.*